Green, J.
delivered the opinion of the court.
The plaintiff in error was indicted in the circuit court of Dickson county, for an assault and battery upon John J. Allbright with intent “unlawfully, maliciously and with premeditation to kill and *440 murder.” He was found guilty by the jury, and sentenced to seven years imprisonment'in the penitentiary. A new trial was moved for and- refused, and the defendant appealed to this court.
From the evidence in the cause, as it is set forth in this record, it appears, that the defendant and the prosecutor, Allbright, with others, were engaged on the day of the assault, at work, raising a house. In the evening the defendant had a fall from the house on which they had been working, and while down, Allbright jocosely jumped upon him, and called for a lancet to bleed him. Some time after this, the defendant stepped up to the place where Allbright was setting on a log, and “punched” him in the side. Allbright said “dont Dains, you hurt me,” upon which Dains desisted. Soon after this, and between sunset and dark, Dains stepped to get his axe, with which he had worked all day, and then with his axe upon his shoulder, walked to the table where the liquors were kept, with Allbright, he having invited Allbright to drink with him.
When they got to the table, Dains called for a glass of cider: Allbright said he wanted stronger drink than cider, and while Dains was drinking his cider, Allbright went behind him and “hunched” him with his knee, so that the cider was spilled over him, when Dains said “dont do that again,” on which Allbright slapped him on the shoulder, and Dains struck a violent blow with the axe upon the side of AUbright’s head, and knocked him. down, giving him a dangerous wound. The parties had been drinking somewhat during the day, but had no quarrel, and were previously friendly.
This indictment is framed upon the 53d section of the act of 1829, ch. 23, which provides that “whoever shall feloniously and with malice aforethought, assault any person with intent to commit murder in the first degree,” “though death shall not ensue, shall undergo confinement in said jail and penitentiary house for a period not less than three, nor more than twenty-one years.”
In order, therefore, that the defendant should be found guilty of this charge, it must appear that the assault was of such a character, and made under such circumstances, that had death ensued, he would have been guilty of murder in the first degree, and liable to be condemned by the law to suffer death. But that a killing should be murder in the first degree, it must be done, as defined in the 3d section of the act, wilfully, deliberately, maliciously and with premeditation.
We are satisfied with the exposition which has been given of *441 these words in the act of assembly, in the case of Dale vs. State, (10 Yerg.Rep. 551,) and therefore need not discuss their meaning here. The court in that case say, “proof must be adduced to satisfy the mind that the death of the party slain, was the ultimate result which the concurring will, deliberation, and premeditation of the party accused sought.”
Now apply this principle to the facts before us, and are they calculated to satisfy the mind, that the ultimate end sought by the concurring will, deliberation and premeditation of Dains was the death of Allbright? We do not think they are.
There was no previous quarrel between the parties. The jumping upon the defendant by Allbright, when he had fallen, and calling for a lancet to bleed him, was entirely jocular, though a little rough. Dains evidently intended no more by punching Allbright in the side, at the log, than to retaliate in the same way. As proof of this, the character of the blows, their immediate cessation, when told they hurt, then the friendly invitation to drink, are all concur-a’ing and irresistible circumstances. That he did not get his axe with a view to strike Allbright with it, is manifest from the fact, that if he had entertained such a purpose, he would, to carry it out, have done something to bring on the state of things, that he might suppose, would excuse him in striking. But no such thing occurred. He neither said nor did any thing calculated to bring on the state of things that existed at the time he struck. The fact, that he had picked up his axe, and had it on his shoulder when he went up to the table to drink, was perfectly natural, without referring to a design to use it improperly. The day’s labor was over, the time then being between sunset and dark, and consequently the company was about breaking up, and each going to his own home. Doubtless that was Dains’ design, and he was about taking his last drink before he left. These circumstances, coupled with the entire absence of proof, that he did any thing calculated to provoke Allbright, or to bring on a controversy, satisfy us, that the axe was not taken up, with any improper design, and therefore the case is left to depend entirely upon the circumstances that occurred at the table.
At the table when they went to drink,’ the conduct of Allbright was calculated to irritate. Dains called for cider, but Allbright said he wanted something stronger, and at the same time struck *442 Dains with his knee, so that he spilled the cider, and upon his telling him not to do that again, he struck him on the shoulder with his hand, and Dains instantly struck with the axe. These blows by Allbright, although without anger, were manifestly, from the proof, made with considerable force. After he had recovered from hisjwound, Allbright told Crane, (the witness,) that he had struck harder than he thought, but that he did it in fun. A severe blow by which a man is considerably hurt, although he may suppose the party inflicting it is not in anger, is calculated to irritate. It produces sudden heat, to receive an injury purposely inflicted by another for his amusement, and we think that in a gush of irritated feeling, thus produced, Dains struck the blow without premeditation, or calculating the mischief he might do.
The employment of a deadly weapon, although it implies malice at the common law, does not imply that the act was done with premeditation, so as to make it murder in the first degree under the statute, if death ensue.
The rule, that this court will not grant a new trial upon the facts, unless the jury shall appear to have been guilty of great rashness, does not apply to criminal cases. In such cases new trials have been constantly granted by this court, upon its conviction, that the verdicts were not warranted by the proof. In this case, we do not believe, from the facts in this record, that the defendant struck the blow with deliberate and premeditated design to kill the party stricken, and'therefore had death ensued, we could not be satisfied to pass sentence of death upon him, without submitting his case again to a jury. Let the judgment be reversed, and a new trial awarded.